386 So.2d 666 (1980)
Raymond K. CAILLOUETTE et al
v.
CHEROKEE BEACH & CAMPGROUNDS, INC., et al.
No. 13095.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
Rehearing Denied May 5, 1980.
Kerry P. Camarata, Metairie, for plaintiffs.
Kenneth E. Barnette, Baton Rouge, for defendants, Cherokee Beach & Campgrounds, Inc., Lynn Ezzel, and Henry Walz.
John J. Hainkel, Jr., New Orleans, for defendant, Dr. Woodrow Simmons.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge:
This is an appeal by Raymond Caillouette and Marie Meyer Caillouette from a summary judgment dismissing their suit. The suit was originally filed by Mr. & Mrs. Caillouette and their son, Raymond Caillouette, Jr., with Mr. and Mrs. Caillouette seeking damages for the wrongful death of their son, Elphage Caillouette, and Rayond Caillouette, Jr. seeking damages for personal injuries.
*667 Defendants are Cherokee Beach and Campgrounds, Inc., Henry Walz, Lynn Ezzel and Dr. Woodrow Simmons. The suit was dismissed as to Dr. Simmons by summary judgment which has become final, and he is no longer before the court. The motion for summary judgment now before the court was filed by Cherokee, Walz and Ezzel, and after argument, was sustained as to all plaintiffs, and the suit dismissed. From the judgment of dismissal, only Mr. and Mrs. Caillouette have appealed.
The petition alleges that Elphage Caillouette and Raymond Caillouette, Jr. were "tubing" in the Tangipahoa River; that they had entered the river at the property of Cherokee; that they had paid Cherokee for the rental of inner tubes and for a ride back to Cherokee's property from the terminus of the tubing expedition; and that Elphage was killed and Raymond was injured as a result of diving into the river from a bluff on Dr. Simmons' property. Article 10 of the petition states:
"All defendants knew that large numbers of people used this area as a beach and more particularly that many people also dove from the shore into the water at that spot. Furthermore, none of the defendants gave any warning to those engaged in tubing down the Tangipahoa River nor did they post `no diving' sign at the place Elphage Caillouette met his death although all defendants knew or should have known of the dangerous condition which existed at that spot."
All of the foregoing allegations of the petition were denied by defendants. The only evidence offered in support of the motion for summary judgment are the depositions of Raymond Caillouette, Jr. and Dr. Simmons. Neither of these depositions contain testimony which would either refute or support the allegations of Article 10 of the petition, above quoted, which is the sole allegation of negligent behavior of defendants. In a motion for summary judgment, it must appear that there is no issue as to material facts, and that the mover is entitled to judgment as a matter of law. Articles 966, 967, Code of Civil Procedure. In this case, no facts are made to appear, and we cannot assume the truth of the allegations of the petition when they have been denied by defendants. We find there is nothing before us on which a summary judgment might properly be based.
We note, however, that defendants filed an exception of no cause of action to the petition, which, in our opinion should have been sustained by the trial court. We do not believe that defendants are required by law to warn persons of the obvious dangers attendant to diving into an unknown body of water, or that they can be held liable for the injuries suffered by one who trespasses on the property of a third person in order to do so.
The judgment appealed from is therefore reversed and set aside as to appellants, and the exception of no cause of action filed by defendants is sustained. In accordance with Article 934 of the Code of Civil Procedure, the case is remanded to the trial court, and plaintiffs Raymond and Marie Mayer Caillouette are granted 15 days from the date this judgment becomes final to amend their petition so as to state a cause of action, in default of which, the suit will be dismissed. Costs of this appeal shall be equally shared by the parties hereto. All other costs shall await final determination of this suit on its merits.
REVERSED AND REMANDED.