638 F.2d 883
 Diana B. SMITH, wife of/and Franklin D. Smith, Individually
and as Administrator and Administratrix of the
Estate of the Minor Child, John E.
Smith, Plaintiffs-Appellants,
v.
CROWN-ZELLERBACH, INC. and ABC Insurance Company,
Defendants-Appellees.
 No. 80-3632
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit A
 March 5, 1981.
 Grisbaum & Kleppner, Ferdinand J. Kleppner, Metairie, La., for plaintiffs-appellants.
 Stafford, Trimble, Randow & Smith, Grove Stafford, Jr., Alexandria, La., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 In this Louisiana diversity suit, Diana B. Smith and Franklin D. Smith, on behalf of their minor child John, appeal from the district court's dismissal of their personal injury claim against Crown-Zellerbach, Inc., and its insurer. The complaint alleges that ten-year-old John was severely burned when, on his way home from fishing at a pond on Crown-Zellerbach property, he attempted to play on some grey hills situated on the property. The hills were composed of hot ashes and chemical debris. The plaintiffs contend that the hills were an attractive nuisance. The district court granted the defendant's motion to dismiss for failure to state a claim, holding that La.Rev.Stat. § 9:2791 absolves property owners from liability in cases where their property is being used for noncommercial recreational purposes. The plaintiffs appeal, contending that in enacting the statute the Louisiana legislature did not intend to change the liability of property owners who maintain attractive nuisances. We agree, and therefore reverse the district court.
 
 
 2
 The applicable provision, La.Rev.Stat. § 9:2791, passed in 1964, states:
 
 
 3
 A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.
 
 
 4
 C. The word "premises" as used in this Section includes lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon. Acts 1964, No. 248, §§ 1-3.
 
 
 5
 The law is apparently designed to reduce the reluctance of property owners to allow the public to use private property for recreational purposes. Only one reported Louisiana case discusses the statute, but that case did not involve the attractive nuisance doctrine. Rushing v. Louisiana, 381 So.2d 1250 (La.App.1980).
 
 
 6
 The doctrine of attractive nuisance has long been recognized in Louisiana. See, e. g., Saxton v. Plum Orchards, Inc., 215 La. 378, 40 So.2d 791, 795 (1949); Richards v. Marlow, 347 So.2d 281, 283 (La.App.1977). "(T)he fundamental concept of the attractive nuisance doctrine is that the offending condition ... although apparently dangerous to adults of discretion, is nevertheless so enticing and alluring as to be calculated to excite the curiosity of children of tender years to the extent of inducing them to utilize the instrumentality in some childish endeavor, the inherent danger of which the child is incapable of comprehending." Patterson v. Recreation and Park Commission, 226 So.2d 211, 214 (La.App.1969). Inasmuch as the doctrine of attractive nuisance imposes liability for conditions not normally considered negligent in regard to adults, the Louisiana courts require that the following conditions exist before the doctrine is applied:
 
 
 7
 (1) The injured child must have been too young to appreciate the danger; (2) there must be reason to anticipate the presence of children because of some attraction on defendant's premises, or some danger where children had a right to be; (3) the instrumentality causing the injury presents the strong likelihood of an accident; (4) the danger must be one not ordinarily encountered, and (5) defendant failed to take reasonably prudent precautions under the circumstances.
 
 
 8
 Butler v. City of Bogalusa, 258 So.2d 599, 602 (La.App.1972). The complaint in this case alleged facts which satisfy all five of these criteria. Record on Appeal at 1-6.
 
 
 9
 We do not believe that the legislature intended to remove liability for the maintenance of attractive nuisances by property owners who allow children and others to use their property for the listed recreational purposes when it passed the cited statutory provisions. In Louisiana, as elsewhere, repeal of prior law by implication is not favored and will be inferred only when the old law is "irreconcilable" with the later law. Smith v. Trosclair, 321 So.2d 514, 515 (La.1975); State v. Echezabal, 220 La. 1011, 58 So.2d 398, 400 (1952). Absent any indication in the statute, and certainly none appears, we decline to hold that the Louisiana legislature, by implication, intended to create any immunity from general tort liability growing out of attractive nuisances by its passage of section 9:2791. Thus the legislature intended to absolve property owners from the kind of accidents normally to be expected when they let others use their property for recreational purposes and not to remove their liability when they maintain attractive nuisances unrelated to the recreational purpose or when they otherwise increase the danger naturally found on the property.
 
 
 10
 A leading Louisiana torts scholar, perhaps the only commentator to address the issue, expressed concerns similar to those with which we are now faced:
 
 
 11
 Is a child who wanders into the property of an industrial establishment to satisfy his curiosity or his instinct for play to be regarded as a "sightseer" or "hiker," and does the legislature intend thus to abolish or modify the widely accepted Attractive Nuisance Doctrine? No one can seriously believe that the legislature had any such intention ....
 
 
 12
 Malone, Louisiana Legislation of 1964 Torts, 25 La.L.Rev. 47, 48 (1964). We agree that the statute does not abolish the doctrine of attractive nuisance.
 
 
 13
 The judgment of the district court dismissing the plaintiff's claim is therefore reversed, and the case is remanded for a trial on the merits.
 
 
 14
 REVERSED AND REMANDED.