413 So.2d 624 (1982)
W. O. HANEY
v.
GENERAL HOST CORPORATION.
No. 14680.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*625 Joel B. Dickinson, Baton Rouge, for plaintiff-appellant W. O. Haney.
Stephen E. Broyles, Baton Rouge, for defendant-appellee General Host Corp.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
Plaintiff-appellant, W. O. Haney, filed this negligence action against defendant, General Host Corporation, seeking damages for personal injuries. Defendant answered, denying the allegations of negligence and specially pleading the affirmative defense of contributory negligence. After trial, the court gave oral reasons for the judgment it rendered in favor of defendant.
The dispositive issue raised by plaintiff's appeal is whether or not the trial court erred in finding defendant was neither negligent, nor strictly liable under article 2317 of the Civil Code. Finding no manifest error, we affirm.
The facts as they relate to the issues of liability are, for the most part, undisputed. The incident from which this suit arises occurred on March 1, 1980. On that date, plaintiff went to the Little General Store which is owned by defendant, located at 1024 O'Neal Lane in Baton Rouge, Louisiana, for the purpose of purchasing groceries. Plaintiff's wife, Edna, accompanied him to the store, which is located approximately one-half mile from plaintiff's residence.
Once plaintiff and his wife arrived at the store, plaintiff parked the car and went into the store to shop, while his wife remained in the car. While in the store, plaintiff bought enough items to fill two large grocery bags. Plaintiff then carried the bags out the door to the front of the store, where there was a raised "porch" separating the store from the parking lot. As plaintiff was attempting to step down from the "porch," he encountered an area on the edge of the "porch," approximately ½ inch to ¾ inch deep, 4 to 5 inches long, and 3 inches wide, which had apparently been chipped away by cars parking against it. When plaintiff placed his right foot in the chipped-out area, he fell, causing his left foot to twist as it landed on the parking area. Plaintiff testified he had worked at the store a few months prior to his injuries.
Besides plaintiff, four other witnesses testified at trial, i.e., Dr. Charles L. Lee, *626 Mrs. Haney, Alton White, and Robin Hayden. Dr. Lee's testimony related to the diagnosis of plaintiff's alleged injuries. Mrs. Haney and Mr. White each corroborated plaintiff's version of the incident. Mr. Hayden, an independent adjuster employed by defendant to investigate the case, testified primarily as to the description of the chipped-out area which caused plaintiff's fall.
Plaintiff argues the trial court erred in not finding defendant negligent and does not assert possible liability under article 2317. The trial court, however, considered both bases of recovery and concluded plaintiff had not carried his burden under either theory. It found plaintiff could not recover under article 2317 because he failed to prove the existence of a defect, as is required by Loescher v. Parr, 324 So.2d 441 (La.1975), and its progeny. The trial court also reasoned plaintiff could not recover in negligence, because he failed to prove the chipped-out area was an unreasonably dangerous condition which defendant had a duty to discover and correct. See Johnson v. Insurance Company of North America, 360 So.2d 818 (La.1978). Since these conclusions represent factual findings of the trial court, they can not be disturbed unless a review of the entire record indicates they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
It is well settled a landowner has the duty to discover any unreasonably dangerous conditions on his premises and to either correct those conditions or warn potential victims of their existence. Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976); Smith v. Hartford Accident and Indemnity Company, 385 So.2d 858 (La. App. 1st Cir. 1980). Among the factors to be considered in determining whether or not the condition is unreasonably dangerous is the ease with which it may be observed by the potential victim. Smith v. Hartford Accident and Indemnity Company, supra; Poe v. State Farm General Insurance Company, 360 So.2d 634 (La.App. 3d Cir. 1978).
The chipped-out area with which we are concerned seemed to be easily observable. Mrs. Haney testified she was able to see the area from the car in which she was waiting for plaintiff. Mr. White was also able to observe the area without any difficulty. The pictures introduced into evidence show the area should be seen easily by potential victims. Moreover, the chipped-out area was located at the edge of the porch, where a person would have to look down in order to safely step onto the parking lot. It was also established that it was still daylight at the time the accident occurred. Under these circumstances, the trial court was not clearly wrong in finding the chipped-out area was not an unreasonably dangerous condition of which defendant had a duty to warn or correct.
For similar reasons, the trial court was correct in denying plaintiff recovery under article 2317. In an action based upon article 2317 a plaintiff must prove, inter alia, that the thing which caused his injuries is defective, i.e., creates an unreasonable risk of harm to others. Jones v. City of Baton Rouge-Parish of East Baton Rouge, 388 So.2d 737 (La.1980); Loescher v. Parr, supra. The record supports the trial court's conclusion that the chipped-out area did not create an unreasonable risk of harm. This determination is especially supported by the case of Shipp v. City of Alexandria, 395 So.2d 727 (La.1981), where the Supreme Court reversed a finding that a small pothole in a street created an unreasonable risk of harm.
Plaintiff also complains the trial court erred in finding him to be contributorily negligent. However, the trial court specifically stated it did not reach the question of affirmative defenses raised by defendant. Having found the trial court was not clearly wrong in concluding plaintiff did not prove his case, we likewise do not address the issue of contributory negligence. And, resolution of the liability issue adverse to plaintiff negates a discussion of his quantum contentions.
The judgment of the trial court is affirmed. Appellant is cast for all costs of this appeal.
AFFIRMED.