ALFORD, Judge.
This is an appeal from a judgment maintaining a peremptory exception of no cause of action in favor of defendants-appellees, Pascal Painter and Harry Walz, d/b/a Cherokee Beach Campground. Plaintiffs-appellants, Lloyd and Cynthia Tobey, filed suit for damages against a host of defendants for damages resulting from a tubing accident on the Tangipahoa River which left Mr. Tobey paralyzed. Appellants’ demands for damages were grounded upon the alleged negligence and strict liability of defendants.
In Leenerts Farms, Inc. v. Rogers, 421 So.2d 216, 217 (La.1982), the Louisiana Supreme Court stated,
“... that the function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition and all well-pleaded allegations of the petition are accepted as true. An exception of no cause of action is sustained only where the law affords no remedy to plaintiff under the allegations of his petition. If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Jackson v. East Baton Rouge Parish School Board, 393 So.2d 243 (La.App. 1st Cir.1980.”
STRICT LIABILITY
Plaintiffs’ petition alleges that Mr. Tobey was injured when he struck a submerged object in the Tangipahoa River while tubing. Further, plaintiffs allege that the submerged obstruction was a defect in an object (the river) which was in the custody of the owners of the river at the site of the accident. Even assuming these allegations to be true, we fail to see how these defendants can be held liable under the theory of strict liability. LSA C.C. art. 2317 and Loescher v. Parr, 324 So.2d 441 (La.1975) require that the thing causing harm be defective, that the defective thing actually cause the injury and that the thing be in the custody of defendant. The Tangipahoa River, being a state owned river, could not have been in the custody of these defendants. Therefore, *146 plaintiffs have failed to state a cause of action under the theory of strict liability.
NEGLIGENCE
Plaintiffs have made a number of allegations in their effort to state a cause of action under the theory of negligence, and thus, we choose to consider these allegations in groups. The first group of allegations are as follows:
Failure to supervise visitors and guest and other persons entering onto property in a manner suited to protect said persons.
Failure to remove hidden and dangerous objects found on property owner or controlled by defendants.
Failure to provide a safe area for visitors, guests and all others who entered onto property owner or controlled by defendants.
Alternatively, the land owner in the preceding paragraph is liable to plaintiffs herein because of his negligence in maintaining access to, use of, and condition of the land owned.
Given that plaintiffs have alleged, which we accept as true, that the accident happened while Mr. Tobey was actually in the river, we fail to see how these allegations state a cause of action against these defendants. This accident did not result from any condition of the land owned and/or controlled by these defendants.
Plaintiffs’ second group of allegations under the theory of negligence contain the following:
Defendants, Pascal Painter and Harry Walz, d/b/a Cherokee Beach Camp Ground, knew individually or through their agents and employees that tubing or floating was the intended purpose of plaintiffs use of defendants’ facilities and nevertheless failed to provide plaintiff with sufficient warnings of the dangers of tubing or floating.
Failure to warn visitors, guests and other person entering onto property controlled by defendants of dangers and hidden defects of said property.
We are of the opinion that these defendants were under no legal duty to warn Mr. Tobey, a person of full majority, of the obvious and inherent dangers of an activity such as tubing, cf. Caillouette v. Cherokee Beach & Campgrounds, Inc., 386 So.2d 666 (La.App. 1st Cir.1980), writ denied 387 So.2d 597 (La.1980).
Plaintiffs’ remaining allegations are as follows:
Failure to properly come to the rescue of or assist or care for plaintiff, Lloyd Arthur Tobey, after he had been injured.
Failure to provide adequate medical facilities or medical transportation to plaintiff, Lloyd Arthur Tobey, after he had been injured.
Failure to render proper medical services to plaintiff Lloyd Arthur Tobey.
Negligently rendering medical services to plaintiff, Lloyd Arthur Tobey, which in fact increased his pain and injury.
In Dodge v. Pierre, 348 So.2d 167, 169 (La.App. 1st Cir.1977), writ denied 351 So.2d 165 (La.1977), this Court noted, “The doctrine that a rescuer occupies a special status in the law is well recognized in Louisiana. Gambino v. Lubel, 190 So.2d 152 (La.App. 4 Cir.1966). However, it is not every person who is involved in a situation at the scene of an accident who enjoys rescuer status.” We are of the opinion that plaintiffs have merely stated conclusions, rather than well pleaded facts, tending to show an actionable breach of duty on the part of these defendants which caused plaintiff additional injuries. However, we are of the further opinion that plaintiff should be afforded an opportunity to amend his petition to make the required showing, if he is so able.
Therefore, for the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded to the trial court with instructions to permit an amendment of plaintiffs’ petition in accordance with this opinion. If no such amendment is filed within twenty days after this decision becomes final, the trial court shall dismiss *147 this suit. Costs of this appeal are to be taxed to defendants.
REVERSED AND REMANDED.