PLOTKIN, Judge.
Appellant, Jo Ann Cheneau, challenges the granting of a motion for summary judgment, dismissing her claim against ap-pellee, Lighthouse Chapel, Inc.
Appellant’s suit seeks recovery from ap-pellee and Apostolic Outreach Center for injuries sustained by her eight-year-old son, Alonzo Sanders, from an alleged near-drowning, which occurred May 26, 1984 in appellee’s pond. Alonzo had accompanied his aunt to a church picnic and “time of fellowship” sponsored by Apostolic Outreach Center, held on a 20-acre tract owned by appellee, Lighthouse Chapel, which operates a school on the property, for boys with discipline problems. A number of buildings, including a “Family Life Center,” two bunkhouses where boys who attend the school sleep, a maintenance building, a small park building, a restroom facility and a shower facility, are located on the property. Lighthouse Chapel occasionally allows church groups to use the grounds without charge.
By deposition, the pastor of Lighthouse Chapel estimated the size of the pond as approximately 40 feet wide by 300 feet long. Originally, two to three feet of water accumulated naturally at the site several times a year. Sometime in late 1983 or early 1984, one end of the pond was used as a borrow pit for construction on the property and deepened to six or seven feet.
Alonzo, who was playing in the pond with other children, went underwater when he stepped into the deep end of the pond, apparently trying to reach an innertube. He was allegedly submerged for “a number of minutes” before being pulled from the pond by onlookers, given emergency treatment and taken to Charity Hospital. He was in a coma for three days and hospitalized for six days. Appellant alleges that Alonzo suffered severe physical and psychological injuries, as well as a neurogenic bladder disorder, as a result of the accident.
Appellant’s claim against the Apostolic Outreach Center was settled. Prior to trial in the matter, appellee filed a motion for summary judgment, alleging immunity from liability under Louisiana’s Recreation Statute and arguing that the pond did not constitute an attractive nuisance. The trial judge granted the motion without reasons. We affirm.

Statutory Immunity

LSA-R.S. 9:2791 provides as follows:
A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sighseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant gives permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any inju *151 ry to persons or property caused by any act of person to whom permission is granted.
B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.
C. The word “premises” as used in this Section includes lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon.
Prior to promulgation of the above statute, Louisiana landowners were exposed to liability for injuries sustained on their property. Keelen v. State of Louisiana, Department of Culture, Recreation and Tourism, 463 So.2d 1287, 1289 (La.1985). LSA-R.S. 9:2791 was passed in 1964 “to encourage the opening of lands for recreational purposes.” Id.
The Louisiana Supreme Court has developed the following two-part test for determining whether the statutory immunity described by the above statute applies to a given situation: (1) Whether the property where the injury occurred is “an undeveloped, nonresidential rural or semi-rural land area” and (2) Whether the injury itself resulted from recreation that can be pursued in the “true outdoors.” Ratcliff v. Town of Mandeville, 502 So.2d 566, 567 (La.1987); Keelen, supra, 463 So.2d at 1290.

Nature of the Property

Courts must therefore first consider the nature of the land involved before determining whether the statutes should apply in a given factual situation. Van Pelt v. Morgan City Power Boat Asso., Inc., 489 So.2d 1346, 1352 (La.App. 1st Cir.1986), writ granted, 493 So.2d 627 (La.1986). Determination of whether the land should be categorized as rural or semi-rural depends on a number of factors, including the size, naturalness and remoteness or insulation from populated areas. Keelen, supra, 463 So.2d at 1290.
The record in the instant case indicates that the property in question is located in Loranger, Louisiana, a sparsely-populated rural farming area in Tangipahoa Parish, west of Folsum, Louisiana and east of Independence, Louisiana. Pictures submitted in support of the motion for summary judgment reveal that the tract of land looks much like a park, with picnic tables, barbeque pits, trash cans and a volleyball net, as well as the pond.
Appellant argues that the property does not meet the requirements established by caselaw because it is residential in nature. She points out that the boys who attend the school reside on the property in question. Additionally, Rev. Yohe’s deposition reveals that his house was located 600 feet from the recreational area. These facts, appellant argues, remove the property from the required classification.
No Louisiana case has considered whether the Recreation Statutes grant immunity to owners of property similar to that in the instant case, where recreational areas occupy the same tract of land as residences. We have been unable to find a case in our jurisprudence where the statute was applied to property within a populated city limits. Ratcliff, supra; Landry v. Board v. Levee Comm’rs of Orleans, 477 So.2d 672 (La.1985). However, determination of when the statute does apply is more difficult.
In the face of arguments similar to those made by appellant in the instant case, the First Circuit applied the Recreation Statute to immunize the owner of a picnic and camping facility from liability for a diving accident in Van Pelt, supra., despite the fact the area was located only one-half mile from a “residential concentration.” The court stated as follows:
We recognize the proximity of the area to Morgan City, but we conclude that this natural, 18-square-mile lake, with improvements that “are merely conve *152 niences incidental to the use of the land for enumerated recreational activities and [which] do not of themselves take property out of a rural, undeveloped classification” is the type of rural or semi-rural area envisioned by the statute.
Id., 489 So.2d at 1353, citing Keelen, supra, 463 So.2d at 1290.
Following the Van Pelt decision, the First Circuit continued to weaken the “nonresidential” requirement in Stuart v. City of Morgan City, 504 So.2d 934 (La.App. 1st Cir.1987) and Eschete v. Mecom, 509 So.2d 840 (La.App. 1st Cir.1987), writ denied, 513 So.2d 821 (La.1987). In Stuart, the court held that the property in question was sufficiently rural for application of the Recreation Statutes, despite the fact the property was located within a few blocks of a densely-populated city limits. Id., 504 So.2d at 940. The Eschete opinion states that the statutes apply so long as the land in question is “undeveloped, non-residential or semi-rural.” Id., 509 So.2d at 842. The court concluded that the immunity would apply to the owner of a canal which was “rural, undeveloped and remote.” Id. The residential nature of the surrounding area was not considered.
Based on an extensive review of the record at hand in light of the relevant jurisprudence in the area, this court concludes that the appellee should not be deprived of the immunity provided by the Recreation Statutes as owner of the property where the accident occurred simply because of the residential nature of other portions of the 20-acre tract of land.
Appellant further argues that the Recreation Statutes should not apply to the property in question because it is not “undeveloped” as required by the Supreme Court’s test established in Ratcliff and because the property owners increased the natural danger of the property by deepening the pond when it was used as a borrow pit. Under the principles established by the caselaw, these arguments have even less merit than the argument that the statutes do not apply because of the residential nature of the property.
It is well settled in Louisiana law that improvements such as shelters, toilet facilities, and fireplaces, which “are merely conveniences incidental to the use of the land for enumerated recreational activities” do not of themselves remove the property from the purview of the statutes. Keelen, supra, 463 So.2d at 1290. The pictures and other information in the record indicate that the only developments in close proximity to the pond are the picnic tables, barbeque pits and trash cans, all of which fall within the classification of acceptable improvements. Again, the fact that other improvements are located in other areas of the tract does not change the nature of the property where the pond itself is located.
Also clear from the relevant case-law is the principle that building a pond on the premises does not increase the danger of the property in such a manner as to remove it from the purview of the statutes. Van Pelt, supra, 489 So.2d at 1352. In that case, the court stated that depriving an owner of the benefits of the statute because he built a pond on his property runs contrary to the purpose of the statute. Id.

Nature of the Activity

The second prong of the Supreme Court’s test for determining whether statutory immunity applies involves whether the injury resulted from recreation which can be pursued in the “true outdoors.” Ratcliff, supra, 502 So.2d at 567; Keelen, supra, 463 So.2d at 1290. Although “swimming” does not appear in the list of enumerated activities in LSA-R.S. 9:2791, it is certainly the type of recreation which can be pursued in the “true outdoors.” Additionally, “swimming” is one of the enumerated activities in LSA-R.S. 9:2795, regarding immunity from liability for owners of property used primarily for recreational purposes. The Supreme Court has held that LSA-R.S. 9:2791 and LSA-R.S. 9:2795 should be read in para materia, and that the legislature intended to grant immunity for injuries incurred while swimming in lakes, rivers, ponds or other similar bodies of water. Id. at 1291.
Based on the above findings that both the nature of the property in question and the nature of the injury-causing activi *153 ty are within the purview of the Louisiana Recreation Statute, this court holds that the trial court was not in error in granting the motion for summary judgment on that basis. Since LSA-R.S. 9:2791 provides that property owners entitled to immunity from liability under the statute owe “no duty of care” to any person, the appellant’s arguments regarding the appellee’s alleged failure to warn are pretermitted.

Attractive Nuisance

The appellant also challenges the granting of the motion for summary judgment on the basis of her contention that the pond was an attractive nuisance. Since LSA-R.S. 9:2791 does not relieve landowners of liability for attractive nuisances, Smith v. Crown-Zellerbach, Inc., 638 F.2d 883 (5th Cir.1981), the above holdings do not settle the instant dispute. However, the caselaw establishes beyond any doubt that the pond in question was not an “attractive nuisance” under the facts and circumstances for two reasons.
First, Louisiana courts have consistently held that the attractive nuisance doctrine does not apply to a pond unless there is some unusual condition or artificial feature, other than the mere water and its location, rendering the place peculiarly dangerous to children, or unless the danger is unknown, concealed or hidden. Humphries v. T.L. James & Co., 468 So.2d 819, 822 (La.App. 1st Cir.1985), writ denied, 470 So.2d 123 (La.1985). The record does not show any of those conditions.
Second, the jurisprudence regarding attractive nuisances establishes clearly that the doctrine applies only if the child is too young to appreciate the danger involved. Smith, supra, 638 F.2d at 885. Alonzo’s deposition reveals that he was aware of the danger of drowning. Therefore, the doctrine cannot apply in this case.

Conclusion

For the reasons cited above, the trial court’s granting of the motion for summary judgment is affirmed.
AFFIRMED.
SCHOTT, J., dissents with reasons.