581 So.2d 1045 (1991)
Thomas Eric TISDALE
v.
STATE of Louisiana, Through the DEPARTMENTS OF TRANSPORTATION AND NATURAL RESOURCES.
No. CA 90 0342.
Court of Appeal of Louisiana, First Circuit.
May 16, 1991.
Rehearing Denied July 31, 1991.
*1046 Russell E. Bergstrom, Metairie, for Thomas Erick Tisdale.
Charles M. Hughes, Jr., Bogalusa, for State of La., Dept. of Transp. and Nat. Resources.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
This appeal is from a judgment granting summary judgment in favor of appellee, the State of Louisiana (State).
For purposes of the motion for summary judgment the pleadings, depositions, admissions and affidavits show that plaintiff was injured when he dove from the Louisiana Highway 442 bridge into the Tangipahoa River on July 3, 1987. A damage suit was filed against the State as the owner of the bridge being used by plaintiff to dive into the river. A motion for summary judgment was filed based on the immunity from liability granted by the Recreational Land Statutes, La.R.S. 9:2791 and 2795, to landowners for injuries to persons using the property for recreational purposes. The motion was granted and this appeal ensued.
There are three assignments of error, one of which merely asserts the trial court committed error in granting the summary judgment. The two specific assignments are that the highway 442 bridge presents an unreasonable risk of harm to recreational users given the number of persons killed or injured each year using public waterways in general, and that the State's conduct falls under the "deliberate, willful or malicious injury" exceptions of La.R.S. 9:2791 and 2795.
After this case was decided by the trial court, the Supreme Court decided that the tort immunity granted in the Recreational Land Statutes does not apply to the state. Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d 1097 (La. 1990). Consequently, the third assignment of error is moot. However, we find summary judgment is still appropriate under the undisputed facts of this case and the applicable jurisprudence.
The only relevant assignment of error is whether the highway 442 bridge presents an unreasonable risk of harm. Appellant asserts that considering the large number of persons killed or injured using Louisiana waterways each year, and the low cost of remedying the problem insofar as the highway 442 bridge is concerned, the bridge should be considered unreasonably dangerous and liability imposed.
At the outset, we fail to see how alleged accidents in other locations could render the highway 442 bridge unreasonably dangerous. Additionally, although appellant alleges in Article X of his petition "well-known human carnage occurring year after year by the use of Louisiana Highway 442 and the bridge crossing the Tangipahoa River," the only evidence on this issue comes from the deposition of Maurice Jordan, the District Maintainance Engineer for district 62 where the bridge is located. He testified he knew of no diving incident other than the one at issue in the nine years he had been district engineer. The same answer is given to the interrogatories filed by appellant and to the request for admissions. In spite of the allegations in the petition no affidavits were filed by appellant to counter the denial of knowledge of prior bridge incidents with recreational users or that recreational use was prevalent and known. Consequently, the question becomes the duty of the State when a bridge owned by the State is used for recreational purposes with no knowledge on the part of the State of the use, or of any dangerous condition connected with the use.
*1047 In Van Pelt v. Morgan City Power Boat Association, Inc., 489 So.2d 1346 (La.App. 1st Cir.), writ granted, 493 So.2d 627 (La. 1986), we considered the duty of a landowner in a traditional tort suit where an injury occurs due to a dangerous condition. We stated at 489 So.2d at 1350, as follows:
Before Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), in a typical tort action plaintiff would have been regarded as an invitee. The owner had a duty to warn an invitee only of those dangers which were not so apparent that the invitee would be reasonably expected to discover them. Ainsworth v. International Paper Company, 311 So.2d 629 (La.App. 3rd Cir. 1975). After Cates, labeling of the victim's status became merely a factor in determining the reasonableness of the danger, for the owner's duty is now to warn of unreasonably dangerous conditions. Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976). Shelton held that an owner is not liable for injury resulting from a condition which should have been observed by a visitor or which was as obvious to the visitor as to the landowner. There is no liability because there is no breach of duty. Shelton, 334 So.2d at 410. Accord Ruffo v. Schwegmann Brothers Giant Supermarkets, Inc., 424 So.2d 470 (La.App. 5th Cir. 1982).

Addressing directly the scope of landowner duty in cases involving diving injuries, we held in Caillouette v. Cherokee Beach & Campgrounds, Inc., 386 So.2d 666 (La.App. 1st Cir.1980), writ denied, 387 So.2d 597 (La.1980), that a landowner is not required to warn of the obvious danger of diving into unknown waters. See also Tobey v. State, 454 So.2d 144 (La.App. 1st Cir.1984). In Haney v. General Host Corporation, 413 So.2d 624, 626 (La.App. 1st Cir.1982), we ruled that a factor in determining the reasonableness of the danger was the ease with which the plaintiff could discover the danger. In this case, plaintiff needed only to walk a few feet into the water to discover that it was shallow. Indeed, the primary duty of care in ascertaining whether it is safe to dive is upon the diver. Jolivette v. City of Lafayette, 408 So.2d 309 (La.App. 3rd Cir.1981), writ denied, 413 So.2d 495 (La. 1982), cert. denied, 459 U.S. 867, 103 S.Ct. 147, 74 L.Ed.2d 124 (1982).
(emphasis supplied). Applying the duty of an owner to persons diving onto and from the owner's property to the undisputed facts of this case, we hold the State breached no duty owed to the plaintiff.
We affirm the judgment of the trial court and assess costs to appellant.
AFFIRMED.
SAVOIE, J., dissents and assigns reasons.
SAVOIE, Judge, dissenting.
Summary judgment is provided for by Article 966 of the Louisiana Code of Civil Procedure and should be granted when reasonable minds must conclude that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. Chiasson v. Domingue, 372 So.2d 1225 (La.1979). The burden is on the mover to establish that there are no genuine issues of material fact still at issue and that he is entitled to judgment as a matter of law. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Any doubt is resolved against granting the summary judgment and in favor of trial on the merits. Vermilion Corp. v. Vaughn, supra; Jewell v. Thompson, 386 So.2d 689 (La.App. 3rd Cir.1980), writ denied, 393 So.2d 746 (La.1980).
While I agree with the majority that there appears to be little likelihood that plaintiff will prevail, the record reveals sufficient genuine issues of fact to warrant trial on the merits.