STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1577

SAMARA SAMUEL

VERSUS

BYRON HARRIS

Judgment Rendered:  **JUN 0 3 2022**

* * * * *

On Appeal from the
City Court of Plaquemine
In and for the Parish of Iberville
State of Louisiana
Trial Court No. 21063

Honorable Michael Distefano, Judge Presiding

* * * * *

Erin L. Pedrami
Baton Rouge, LA

Attorney for Plaintiff-Appellee,
Samara Samuel


Michael L. Harris
Baton Rouge, LA

Attorney for Defendant-Appellant,
Byron Harris


* * * * *

BEFORE:  WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

This matter is before us on appeal by the defendant, Byron Harris, from an adverse judgment rendered in favor of plaintiff, Samara Samuel. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 20, 2021, plaintiff, Samara Samuel, filed a Statement of Claim and Citation in the City Court of Plaquemine seeking damages arising out of a contract she entered into with defendant, Byron Harris, for home renovations. Mr. Harris was served with notice of the claim and notice of trial, which was set for August 4, 2021 at 9:30 a.m. On the day of trial, Mr. Harris was not in the courtroom when the case was called at 9:30 a.m., and the trial proceeded without him. During the hearing, Ms. Samuel introduced into the record her Statement of Claim and Citation with evidence attached including: her agreement with Mr. Harris, payments made to Mr. Harris, text messages between her and Mr. Harris with pictures attached, and her demand letter. After admitting the evidence into the record, the trial court granted judgment in favor of Ms. Samuel. Thereafter, at some time past 10:30 a.m., Mr. Harris came to the courtroom and explained to the trial court that he was not at the trial because he went to the wrong courthouse (the 18th Judicial District Courthouse). The trial court advised him to file a motion for new trial.

On August 9, 2021, the trial court signed a judgment in conformance with its ruling in favor of Ms. Samuel and against Mr. Harris in the amount of $15,236.00 plus court costs. On August 12, 2021, Mr. Harris filed a "Motion to Set for New Trial" asking that the trial court grant him a new trial because he "was in the wrong court room on Aug-4-2021." On that same day, the trial court denied his motion stating, "The physical address of the courthouse... was on the NOTICE." On September 24, 2021, Mr. Harris filed a motion to appeal the August 9, 2021

judgment.[1] In his appeal, Mr. Harris contends that the trial court erred in denying his motion for new trial without considering the record; erred in denying the motion for new trial without a contradictory hearing in accordance with La. Code Civ. P. art. 963; and erred in failing to issue a notice of the signing of the August 4, 2021 judgment in compliance with La. Code Civ. P. art. 1913.[2]

## LAW AND ANALYSIS

A new trial may be granted upon contradictory motion of any party or by the court on its own motion. La. Code Civ. P. art. 1971. Louisiana Code of Civil Procedure article 1972 provides peremptory grounds for a new trial wherein a new trial shall be granted. Louisiana Code of Civil Procedure article 1973 provides discretionary grounds for a new trial wherein a new trial may be granted. The trial court's discretion in ruling on a motion for new trial is great, and its decision will not be disturbed on appeal absent an abuse of that discretion. **Guidry v. Millers Casualty Insurance Co.**, 2001-0001 (La. App. 1st Cir. 6/21/02), 822 So.2d 675, 680. The trial court may deny a motion for new trial ex parte without a contradictory hearing. **Johnson v. European Motors-Ali**, 48,513 (La. App. 2d Cir. 11/20/13), 129 So.3d 697, 704.

---

[1] Mr. Harris's assignments of error and arguments to this court relate solely to the denial of his motion for new trial. Therefore, we do not consider the merits of the August 9, 2021 judgment. See Uniform Rules of Louisiana Courts of Appeal, Rule 1-3 (The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.) and Rule 2-12.4. See also **Stuart v. City of Morgan City**, 504 So.2d 934, 936-37 (La. App. 1st Cir. 1987), where the appellant appealed two rulings, one granting an exception of prescription and one granting a motion for summary judgment. On appeal, the prescription ruling was not assigned as error or briefed and was, thus, considered abandoned.

[2] When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. **Landry v. Leonard J. Chabert Medical Center**, 2002-1559 (La. App. 1st Cir. 5/14/03), 858 So.2d 454, 461 n.4, writs denied, 2003-1748, 2003-1752 (La. 10/17/03), 855 So.2d 761. Thus, the interlocutory denial of a motion for new trial is subject to review on appeal in connection with the review of an appealable judgment in the same case. **Moran v. G & G Construction**, 2003-2447 (La. App. 1st Cir. 10/29/04), 897 So.2d 75, 83 n.4, writ denied, 2004-2901 (La. 2/25/05), 894 So.2d 1148.

Mr. Harris contends that the trial court should have granted his motion for new trial under Article 1973 which states, "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." As noted, Mr. Harris stated his reason for requesting the new trial was that he "was in the wrong court room on Aug-4-2021." While we sympathize with Mr. Harris as a *pro se* litigant, we cannot find an abuse of the trial court's vast discretion in denying the motion for new trial without a contradictory hearing. As the trial court pointed out, the address of the courthouse was on the notice. Furthermore, this court has determined that the failure to appear due to mere human error does not constitute "good grounds" for the granting of a motion for new trial. See **Carr v. Gibbens**, 2015-0701 (La. App. 1st Cir. 9/18/15), 2015 WL 5515906 *5 (unpublished).

In his final assignment of error, Mr. Harris contends that the trial court erred in failing to issue a notice of the signing of the ruling issued on August 4, 2021 and signed on August 9, 2021 in compliance with La. Code Civ. P. art. 1913. Article 1913(A) provides in pertinent part that " … the notice of signing of a final judgment…is required in all contested cases, and shall be mailed by the clerk of court …to each party not represented by counsel." Article 1913(D) provides that the clerk shall file a certificate in the record showing the date on which notice of the signing of the judgment was mailed and the parties to whom service was mailed. In this matter, the Deputy Civil Clerk attached to the August 9, 2021 judgment a "Clerk's Certificate" stating "I HEREBY CERTIFY that the Notice of Judgment has been mailed to all parties on this 9th day of August 2021." Accordingly, our review of the record reveals that the trial court complied with the requirements of Article 1913.

## CONCLUSION

For the foregoing reasons, we affirm the August 9, 2021 judgment of the trial court. All costs of this proceeding are assessed to defendant/appellant, Byron Harris.

**AFFIRMED.**