493 So.2d 275 (1986)
Marie HOLDER, Plaintiff-Appellant,
v.
LOUISIANA PARKS SERVICE, INC., Defendant-Appellee.
No. 85-987.
Court of Appeal of Louisiana, Third Circuit.
August 21, 1986.
*276 Schrumpf & Schrumpf, Charles Schrumpf, Sulphur, for plaintiff-appellant.
A. Kell McInnis, Baton Rouge, for defendant-appellee.
Before STOKER and YELVERTON, JJ., and BERTRAND [*], J. Pro Tem.
LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Marie Holder filed suit against the State of Louisiana through the Department of Culture, Recreation and Tourism for injuries she sustained from a fall when she tripped in a hole in the clamshell-covered parking area of a campsite at the Sam Houston Jones State Park. The park is owned by the State and is maintained and operated by the Office of State Parks. The State filed a motion for summary judgment asserting its immunity from suit by virtue of the provisions of La.R.S. 9:2791 and La.R.S. 9:2795. The trial court granted the motion and dismissed Holder's suit and the plaintiff perfected this appeal.
WE REVERSE AND REMAND.
La.R.S. 9:2791 provides:
"Liability of owner or occupant of property not used primarily for commercial recreational purposes
A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.
C. The word "premises" as used in this Section includes lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon."
La.R.S. 9:2795 provides:
"Limitation of liability of landowner of property used primarily for recreational purposes
A. As used in this Section:
(1) "Land" means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.

*277 (2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) "Recreational purposes" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreational purposes, nature study, water skiing, ice skating sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
(4) "Charge" means the admission price or fee asked in return for permission to use lands.
(5) "Person" means individuals regardless of age.
B. Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(1) Extend any assurance that the premises are safe for any purposes.
(2) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owned.
(3) Incur liability for any injury to person or property incurred by such person.
C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.
D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Act to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care."

FACTS
The affidavits and interrogatories and their answers establish the following facts to be considered in determining the merits of the motion for summary judgment.
On August 6, 1983 Holder was injured while walking on a clamshell-covered parking area for recreational vehicles at the park which is owned by the State and operated by the Office of State Parks.
The Park consists of 1,087 acres. Certain fees are charged for the use of the park and its facilities.
Revenues collected and the expenditures for the park for the years 1981, 1982, and a portion of 1983 are as follows:

Fiscal Year Revenue Collected Expenditures
1981-1982 $153,932.00 $304,771.00
1982-1983 $136,113.00 $289,431.00
7/1983-12/1983 $ 60,680.00 $164,856.00

No other pertinent facts available from the record.
Recent decisions of our Supreme Court make it clear that a court must determine the nature of the land involved before it can decide that the statutes apply.
The legislature intended to confer immunity upon owners of undeveloped, non-residential rural or semi-rural land areas. The size, naturalness and remoteness or insulation from populated areas all attribute to the categorization of property as rural or semi-rural. Keelen v. State of Louisiana, Dept. of Recreation and Tourism, 463 So.2d 1287 (La.1985).
In Landry v. Board of Levee Com'rs of Orleans, 477 So.2d 672 (La.1985), the Supreme Court found that "unless the premises on which a plaintiff's activities occur are within the purview of the statutes, the activities of the victim and the condition or instrumentality causing the injury are irrelevant." The court found that the immunity granted by the statute could not apply to the owner of property used as a recreational area within a populated city, adjacent to a much travelled roadway, and within a *278 stone's throw of an exclusive residential area.
The evidence introduced on the hearing of the motion for summary judgment now before the court does not furnish the facts necessary to show the location of the park in question and the type of development surrounding the park.
When the injury-causing condition or instrumentality is of the type normally encountered in the true outdoors, then the statutes provide immunity. Conversely, when the instrumentality, whether found in an urban or rural locale, is of the type usually found in someone's backyard, then the statutes afford no protection. Keelen v. St. of La. Department of Recreation and Tourism, supra.
The question of whether Sam Houston Jones State Park is non-residential, unimproved rural or semi-rural property must be answered by a review of facts not presently before us.
It may be that such evidence would show that this park falls within the immunities provided for by La.R.S. 9:2791 and La.R.S. 9:2795. However, the burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment. Fontenot v. Aetna Insurance Company, 225 So.2d 648 (La.App. 3d Cir.1969); Frazier v. Missouri Pacific Railroad Company, 224 So.2d 179 (La.App. 3d Cir.1969), writ refused, 227 So.2d 148, 254 La. 809 (1969); Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984).
There remains a material issue as to whether the park, its location and surrounding developments qualifies it for the immunity provided for by the statutes.
For the foregoing reasons, the judgment of the District Court sustaining the motion for a summary judgment is reversed. The case is remanded to the District Court for further proceedings. Costs of this appeal are to be paid by Appellees.
REVERSED AND REMANDED.
NOTES
[*] Judge Lucien C. Bertrand, Jr. of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.