Harlan HAGAN, et al.

v.

Joseph KRAMER, et al.

Civ. A. No. 86–1094.

United States District Court, W.D. Louisiana, Alexandria Division.

June 15, 1987.

---

Chris J. Roy, Alexandria, La., for Harlan Hagan, et al.

John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for Joseph Kramer, et al.

RULING

LITTLE, District Judge.

RULING

On 9 November 1984 Harlan Hagan was hunting on the Fort Polk Reservation in Leesville, Louisiana when he was accidently shot by Joseph Kramer, a member of the United States Army stationed at Fort Polk. Hagan subsequently filed this suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* for injuries received in the accident. A motion for summary judgment under Fed. R.Civ.P. 56 has been filed by the United States, which the plaintiff has not answered although an extension of time for that purpose was granted plaintiff in early May.

In actions brought under the Federal Tort Claims Act "the United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The applicable law is determined by the situs of the occurrence. *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). An owner of property used for recreational purposes is absolved from liability for injuries sustained on his property in certain specific situations. The panoply is found in La. Rev. Stat. Ann. §§ 9:2791 and 2795.

> An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.

La. Rev. Stat. Ann. § 9:2791(A).

> (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
> (a) Extend any assurance that the premises are safe for any purposes.
> (b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
> (2) The provisions of this Subsection shall apply to owners of commercial recreational developments or facilities for injury to persons or property arising out of the commercial recreational activi-

ty permitted at the recreational development or facility that occurs on land which does not comprise the commercial recreational development or facility and over which the owner has no control when the recreational activity commences, occurs, or terminates on the commercial recreational development or facility.

C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.

D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Section to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.

E. The limitation of liability provided in this Section shall apply to any lands or waterbottoms owned, leased, or managed by the Department of Wildlife and Fisheries, regardless of the purposes for which the land or waterbottoms are used, and whether they are used for recreational or nonrecreational purposes.

La.Rev.Stat.Ann. § 9:2795(B).

The Louisiana Supreme Court recognized that the avowed purpose of the legislature in enacting the quoted material was "to encourage owners of land to make their land and water areas available to the public for recreational purposes by limiting their liability." *Keelen v. State Department of Culture, Recreation and Tourism*, 463 So.2d 1287, 1290 (La. 1985). To determine whether a particular entity is entitled to claim immunity, a two-prong inquiry has been distilled from *Keelen*. First, the property must be rural or semi-rural. This factor looks to the size, naturalness and remoteness of the property. Second, the injury-causing element must be one encountered in the true outdoors. *Id.* at 1290; *Harlan v. Frazier*, 635 F.Supp. 718, 721–722 (W.D. La. 1986).

■ The Fort Polk Military Reservation is located in an unimproved, wooded area. It is open to the public for hunting through an agreement with the Louisiana Department of Wildlife and Fisheries, provided that the hunter secures a Louisiana hunting license and properly utilizes the check-in and check-out procedures. No fee is charged. No evidence submitted in connection with this motion suggests that the Military Reservation is anything but an undeveloped woods. Likewise, being shot by a fellow deer hunter is an injury of the type that is incident to the pursuit of recreation in the true outdoors. The United States is therefore entitled to the immunity provided by La.Rev.Stat.Ann. § 9:2791 and § 2795. *See also LaCroix v. State Through Department of Transportation*, 477 So.2d 1246 (La.App.3d Cir.1985); *Holder v. Louisiana Parks Service, Inc.*, 493 So.2d 275 (La.App.3d Cir.1986).

The standard for a summary judgment motion is governed by the Supreme Court's opinion in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

The plaintiff has failed to adduce any evidence which would raise an issue of material fact regarding the immune status of the Fort Polk Military Reservation. "Absent evidence, direct, circumstantial, or inferential, that would create a genuine issue of fact ... the motion should be granted." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1196 (5th Cir.1986). The summary judgment motion of the United States is

GRANTED and the plaintiff's claims DISMISSED.