Anita **WOODS, As Administrator of the Estate of Edwin Woods and on Behalf of Her Minor Son, Edwin Woods, Jr.**

v.

**UNITED STATES of America.**

**Civil A. No. 95–1146.**

United States District Court, W.D. Louisiana, Alexandria Division.

Oct. 6, 1995.

John T. Bennett, Anthony F. Salario, Bennett Bennett & Bennett, Marksville, LA, for plaintiff.

John Robert Halliburton, US Attorney's Office, Shreveport, LA, for defendant.

## RULING

LITTLE, District Judge.

Edwin and Anita Woods and their son Edwin, Jr., set out to celebrate the Fourth of July, 1994 at Valentine Lake in Kisatchie National Forest. The day ended in tragedy. During a brief swim in the lake, Edwin Woods began to struggle as if he had become caught on something on the bottom of the lake. Before any of his family could come to his assistance, Edwin Woods was dead.

Woods' family now brings suit against the United States under the Federal Tort Claims Act (FTCA) claiming the United States Forest Service was negligent in maintaining, supervising and failing to warn of possible danger at Valentine Lake. The Government has moved to dismiss the case pursuant to Fed.

R.Civ.P. 12(b) and in the alternative, for summary judgment. The court does not have subject matter jurisdiction over this case, and therefore, we GRANT defendants' motion.

## I

 In general, the United States enjoys sovereign immunity to suit for the tortious wrongs it or its agents commit. *U.S. v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). Sovereign immunity raises jurisdictional questions; to the extent that the United States is immune from suit, the federal district courts do not have subject matter jurisdiction to decide those cases. *Dalehite v. U.S.,* 346 U.S. 15, 31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1952). Dismissal under Fed.R.Civ.P. 12(b)(1) is then appropriate. If, on the other hand, the general sovereign immunity rule has been specifically waived by Congress, this court may have jurisdiction. *Id.* at 31–32, 73 S.Ct. at 965–66.

The Federal Tort Claims Act (FTCA) waives the United States' sovereign immunity from various tort actions. Under FTCA, the federal courts have exclusive jurisdiction over civil actions on wrongful death claims against the United States for money damages caused by the negligence or wrongful acts/omissions of any Government employee acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (1988).

 FTCA also includes several significant exceptions under which the United States remains immune from suit. *See* 28 U.S.C. § 2671 *et seq.* For example, under 28 U.S.C. § 2674: "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." Therefore, if a similarly situated private individual would not be liable under the appropriate jurisdiction's laws, then neither is the United States. *Id.* In such a case, this court would not have subject matter jurisdiction. 28 U.S.C.

§ 1346; *see Dalehite,* 346 U.S. at 31–32, 73 S.Ct. at 965–66.

The FTCA also preserves the United States' sovereign immunity from:

Any claim … based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (1988). Again, if a case is covered by this "discretionary function" exception, the United States is immune from suit, and this court does not have jurisdiction over the claim. *Dalehite,* 346 U.S. 15, 73 S.Ct. 956.

In this case, the Government argues that it is protected from suit under the "discretionary function" exception to the Federal Tort Claims Act, because the decision to provide lifeguards and warn of dangers was a discretionary activity. Even if the "discretionary function" exception does not apply, the Government maintains that the United States would not be liable under Louisiana's Recreational Use statute were it a private party. Either way, the Government concludes that this court does not have subject matter jurisdiction over plaintiffs' claim.

Plaintiffs respond that once the United States Forest Service used its discretion and decided to operate a swimming area at Valentine Lake, it was obligated to show reasonable care in its operations; the duties to provide warnings and take adequate safety precautions at the lake were not discretionary; thus, the "discretionary function" exception to the FTCA's waiver does not apply. Plaintiffs also challenge the applicability of Louisiana's Recreational Use statutes, because the Louisiana Supreme Court has held that they do not apply to public landowners. Plaintiffs conclude that we do have subject matter jurisdiction, because the Government's immunity has been waived by the FTCA. We disagree with that conclusion.

## II

Louisiana's "Recreational Use" statutes encourage landowners to make their property available to the public for recreational use

by limiting their liability in the event that such users sustain injuries. According to La.Rev.Stat. § 9:2791:

> An owner ... of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner does give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owned, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.

La.Rev.Stat. § 9:2795(B)(1) adds the following:

> Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
>
> (a) Extend any assurance that the premises are safe for any purposes.
>
> (b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
>
> (c) Incur liability for any injury to person or property incurred by such person.

An owner is a "possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises." La.Rev.Stat. 9:2795(A)(2). The Louisiana Supreme Court has explained that the two sections should be read together. *Keelen v. State, Dep't. of Culture, Recreation,* 463 So.2d 1287, 1289 (La.1985).

■ We have gleaned a two-pronged test for immunity under those statutes from state Supreme Court jurisprudence: (1) the property must be rural or semi-rural from the point of view of its size, naturalness and remoteness; and (2) the injury-causing ele-

ment must be one encountered in the true outdoors. *Hagan v. Kramer,* 666 F.Supp. 91, 93 (W.D.La.1987); *see generally Keelen,* 463 So.2d at 1290. Improvements incidental to use of the land for recreational activities do not destroy the property's immunity, but the statute does not apply to property used as a commercial enterprise. La.Rev.Stat. § 9:2791; *Keelen,* 463 So.2d at 1290.

■ We are satisfied that Valentine Lake is a rural area based on the Government's exhibits depicting the Lake and the surrounding area, as well as the Forest Service directive that National Forests are "to provide maximum contrast to urbanization." The Forest Service has made some improvements to the area which enhance its recreational utility, such as anchoring buoy lines around the swimming area and installing restrooms nearby, but these do not go so far as to remove the area from the "rural" classification. *See* La.Rev.Stat. 9:2791(C), 9:2795(A)(1); *Keelen,* 463 So.2d at 1290. Neither does the small fee the Forest Service charges visitors to use the lake, because Kisatchie National Forest is not a profit-making enterprise. *See* La.Rev.Stat. § 9:2791(B), § 9:2795(B); Government's exhibit E. Thus, Valentine Lake satisfies the first prong in our test from *Hagan.*

■ The second prong is also satisfied, because the injury-causing element in this case is normally found in the "true outdoors." Plaintiff alleges that vegetation in Valentine Lake caused Woods' death. Overgrown vegetation in a rural lake is certainly to be found in the "true outdoors." *See Keelen,* 463 So.2d at 1290; *Harlan v. Frazier,* 635 F.Supp. 718 (W.D.La.1986). Further, swimming is one of the recreational purposes for which the statute specifically affords protection to landowners. La.Rev.Stat. § 2795(A)(3). We conclude that were the owner of Valentine Lake a private entity, it would not be liable for damages related to Woods' death.

■ The United States is not a private entity, however, and according to plaintiffs, this makes all the difference. They point to a pair of recent Louisiana Supreme Court opinions that hold that "the Recreational Use

Statutes were not intended to apply to public lands or to grant immunity to the state, its agencies or subdivisions." *Monteville v. Terrebonne Par. Con. Gov't*, 567 So.2d 1097, 1104 (La.1990); *Socorro v. City of New Orleans*, 579 So.2d 931 (La.1991) (restating the *Monteville* holding).[1] Though both cases use the broad phrase, "public lands," which would appear to contemplate national forests, a careful reading reveals that the opposite is in fact true. Established principles of federal supremacy also confirm that the United States is immune from liability for Woods' death. Despite this new precedent, therefore, this court does not have jurisdiction to decide plaintiff's case.

*Monteville* analyzed whether a parish might be immune from liability where a boatman was injured by a defect in a boat ramp at a public boat launching and vehicle parking facility. The court found that most courts holding public entities immune from suit under Recreational Use statutes do so because tort claims acts in those states condition public liability on whether a private party would be liable under the same circumstances. *Monteville*, 567 So.2d at 1103. In many states, if a private party is immune, so is a similarly situated public entity. The interplay between Recreational Use statutes and sovereign immunity rules in these states is therefore very similar to what we find in this case.

Louisiana's situation is different, however. Under the 1974 Constitution, "[n]either the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to a person or property," and the state lacks a legislative pronouncement conditioning state liability on that of a private party. La. Const. art. 12, § 10. Jurisprudence from other states recognizing public immunity based on private immunity is therefore inapplicable in Louisiana. Louisiana and its subdivisions may be liable for personal injuries even where private parties are not. *Monteville*, 567 So.2d at 1104.

The *Monteville* court then considered other factors to determine whether the parish

was liable. These included the statutes' explicit purpose "of encouraging *private* owners to make their land available for the recreation of the public" (emphasis added); the title of the Model Act on which the Louisiana statute was based, "Public Recreation on *Private* Lands" (emphasis added); and that the state probably did not require the encouragement of tort immunity to permit people to use public property for recreation. *Monteville* 567 So.2d at 1102–03. The Recreational Use statutes could not have been intended to serve as a vehicle to confer immunity on the state, because when § 9:2791 was passed the state enjoyed sovereign immunity over such claims under a prior constitution. *Monteville*, 567 So.2d at 1103; *see* La. Const. of 1921, art 3, § 35 (recognizing the state's sovereign immunity and empowering the legislature to grant waivers); *Muse v. St. Paul Fire & Marine Ins. Co.*, 328 So.2d 698, 701 (La.Ct.App. 1 Cir.1976). "It is therefore improbable that the legislature intended to reinforce that ancient and then firmly entrenched doctrine by means of a statute enacted to encourage landowners ... to open their lands to public recreational activities." *Monteville*, 567 So.2d at 1103. In fact, it is unclear that the legislature contemplated any effect on state liability through the workings of § 9:2791. Not surprisingly, the Supreme Court found the parish liable under these circumstances. *Monteville*, 567 So.2d at 1106.

Yet, several of the arguments that constrained the Supreme Court to hold the parish liable in *Monteville* now militate in favor of finding the United States immune in this case. Unlike Louisiana's constitutional provision eliminating sovereign immunity in personal injury cases, the FTCA carves out a limited waiver of the United States' immunity in personal injury cases. The United States' liability is statutorily contingent on the liability of a similarly situated private party. *Monteville* does not so hold, but it does suggest that if Louisiana had a tort claims statute such as the FTCA, the state and its subdivisions would also enjoy immunity from suit under the Recreational Use statute. Though *Monteville*'s analysis is in-

---

1. We note that neither of these cases addresses specifically whether the statutes would apply to

activities on federal lands. Both are concerned with the liability of the state or its subdivisions.

structive, therefore, its holding does not control this case.

 Even if the Louisiana Supreme Court would have held the parish liable if Louisiana had a tort claims statute comparable to the FTCA, basic principles of federal supremacy confirm that the United States must be immune from suit in this case, despite *Monteville*'s overinclusive statement that the Recreational Use statutes do not apply to "public lands." It is a fundamental characteristic of our federal system that where federal and state law conflict, courts must give effect to the federal law. U.S. Const. art VI, cl. 2; *Tarble's Case*, 13 Wall. 397, 20 L.Ed. 597 (U.S.1872). While federal law may incorporate state law as it has in this case, the federal is ultimately supreme. *See Reconstruction Finance Corp. v. Beaver County*, 328 U.S. 204, 208, 66 S.Ct. 992, 994, 90 L.Ed. 1172 (1946).

The Louisiana Supreme Court is free to interpret its Recreational Use statutes such that they do not provide the state or its subdivisions any immunity from suit. This interpretation may not, however, be extended to the federal government, where that result would contravene a federal statute. *Reconstruction Finance Corp.*, 328 U.S. at 208–09, 66 S.Ct. at 994–95 (what Congress ultimately intends by statutory incorporation of state law is a federal question). Congress has been very clear that the United States may be held liable for personal injuries only where a similarly situated private party would be liable. Congress has chosen to incorporate state law for the purpose of partially defining the locus of our power to hear such claims, but state law is to be used merely to determine whether a private party would be liable in a particular situation so that we may apply the federal statute governing our jurisdiction. It is the FTCA, not the Louisiana Supreme Court, which controls the Government's liability and grants us jurisdiction. State law does not control where federal law otherwise speaks.

As we discussed earlier, if Woods' tragic accident had occurred on private lands, the owner would be immune from liability. The United States cannot be liable here merely because it happens to be a public landowner and Louisiana would like to hold public landowners liable in such cases. Congress has bestowed jurisdiction on federal courts only if a private party similarly situated to the United States might be liable, and Congress' pronouncements, not those of the Louisiana legislature or Supreme Court, will decide when we have subject matter jurisdiction over a specific case. Here we do not.

### III

In light of our discussion above, we need not decide whether the Forest Service's actions concerning lifeguards and warning signs are discretionary and therefore trigger the discretionary function exception to our jurisdiction. Because the United States could not be held liable for damages in this case as a private party under the Louisiana Recreational Use statutes, this court lacks jurisdiction over plaintiff's claims, and they are DISMISSED.