664 So.2d 130 (1995)
Linda Daigle MATHERNE, Individually and as Tutrix and Administrator of the Estate of Her Minor Son, Hunter Daigle
v.
Anthony CHERAMIE and JoAnn Cheramie, Individually and as Tutors and Administrators of the Estate of Their Minor Son, Dustin Cheramie, and State Farm Fire and Casualty Company.
No. 94 CA 0760.
Court of Appeal of Louisiana, First Circuit.
September 26, 1995.
Writ Denied January 5, 1996.
Rebecca N. Robichaux, Raceland, for Plaintiff-AppellantLinda Daigle Matherne.
Denis J. Gaubert, III, Thibodaux, for Defendants-AppelleesRonnie Duet and Louisiana Farm Bureau Casualty Insurance Company.
Lloyd T. Bourgeois, Labadieville, for DefendantState Farm Fire and Casualty Company.
Michael H. Martin, Cut Off, for DefendantsAnthony and JoAnn Cheramie.
Before CARTER, LeBLANC, FOGG, PITCHER and FITZSIMMONS, JJ.
FITZSIMMONS, Judge.
The trial court found defendants, Ronnie M. Duet and Louisiana Farm Bureau Casualty Insurance Company, immune from liability pursuant to La.R.S. 9:2791 and 9:2795 and granted defendants' motion for summary judgment. Plaintiff, Linda Daigle Matherne, individually and on behalf of her minor son, Hunter Daigle, appealed. We affirm.
The main facts concerning the land in question are not in dispute. Mr. Duet grazed cattle and horses on a 200 acre, undeveloped piece of land. The land was mostly pasture land, with a few trees. The presence of residences along a road adjacent to one side of the property does not change the character of the property from rural or semi-rural to urban or sub-urban. See Eschete v. Mecom, 509 So.2d 840 (La.App. 1st Cir.), writ denied, 513 So.2d 821 (La.1987) and Stuart v. Morgan City, 504 So.2d 934 (La. *131 App. 1st Cir.1987). The nearest community is the unincorporated town of Galiano on Highway 308. The trial court was familiar with the geographic location and the character of the area. Mr. Duet allowed people from the near-by houses to hunt, fish, and use the property for recreational purposes.
After a thorough review of the record, we find no genuine issue of material fact remained. The mover was entitled to judgment as a matter of law. We agree with the trial court that this is "a classic example" of the type of land on which the legislature meant to confer immunity in La.R.S. 9:2791 and 9:2795. Costs of the appeal are assessed to plaintiff.
AFFIRMED.
LeBLANC, J., dissents.
PITCHER, J., dissents and will assign reasons.
PITCHER, Judge, dissenting.
I respectfully dissent.
Hunter Daigle was a passenger on a Honda recreational all-terrain vehicle (commonly called a "three-wheeler") driven by Dustin Cheramie when the three-wheeler allegedly hit a hole or object on the ground, causing the three-wheeler to turn over, throwing Hunter to the ground. This accident occurred on a 200 acre tract of land located in Galliano, and leased by Ronnie M. Duet for cattle grazing. There were also some horses on the property. Duet and other people described the property as "pasture land". The property is adjacent to the Cheramies' property, which is located at 113 East 120th Street. The leased property is completely surrounded by a fence, but there are several entrances onto the property. There is an entrance onto the property located at Highway 308. There are also several private entrances onto the property, including a gate located between the leased property and the property owned by the Cheramies. According to Mr. Duet, everyone in the neighborhood had permission to go onto the property. There are also roads on the property, one which runs approximately 75 feet south of the Cheramies' property line. This road was referred to as the main road by Duet, and it was on this road that the accident occurred. Hunting and fishing were permitted on the property.
The sole issue in this case is whether the land in question is undeveloped, nonresidential, and rural or semi-rural. The Louisiana Supreme Court, in Keelen v. State, Department of Culture, Recreation and Tourism, 463 So.2d 1287, 1290 (La.1985), stated:
The use of the language `land and water areas' is suggestive of open and undeveloped expanses of property. Furthermore, the type of recreational activities enumerated in both statuteshunting, fishing, trapping, camping, nature study, etc.can normally be accommodated only on large tracts or areas of natural and undeveloped lands located in thinly-populated rural or semi-rural locales. Specification of these types of activities suggests a policy that would encourage landowners to keep their property in a natural, open and environmentally wholesome state. We would stray from this goal were we to construe the statutes to grant a blanket immunity to landowners without regard to the characteristics of their property. Thus, we conclude that the legislature intended to confer immunity upon owners of undeveloped, nonresidential rural or semi-rural land areas. The size, naturalness and remoteness or insulation from populated areas all attribute to the categorizations of property as rural or semi-rural.
The question of whether this property is non-residential, unimproved rural or semi-rural property must be answered by a review of facts not presently before us. See Holder v. Louisiana Parks Service, Inc., 493 So.2d 275, 278 (La.App. 3rd Cir.1986). Because there remains a material issue of fact as to whether the nature of this property qualifies it for immunity under the recreational use statutes, summary judgment is not appropriate.
Therefore, I would reverse the judgment of the trial court granting the motion for summary judgment, and remand the matter for further proceedings.