670 So.2d 775 (1996)
Frank C. DEAR, Jr., et ux., Plaintiffs-Appellants,
v.
CROSBY CHEMICALS, INC., et al., Defendants-Appellees.
No. 95-1309.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
Rehearing Denied April 17, 1996.
Donald J. Anzelmo, Neal L. Johnson, St. Monroe, for Frank C. Dear Jr. et ux.
Charles M. Hughes, Bogalusa, for Crosby Chemicals Inc. et al.
Jimmy McDonald, for Panther Branch Hunting Club.
Before DOUCET, C.J., and YELVERTON and SAUNDERS, JJ.
YELVERTON, Judge.
This appeal comes from a summary judgment granted in favor of two general partnerships, Crosby Land and Resources (Crosby) and Hanson Natural Resources Company (Hanson). Frank Dear and his wife Theresa filed suit against these parties and also against Panther Branch Hunting Club, Inc. (Panther), for injuries he sustained in a hunting accident. The trial court granted summary judgment based on the immunity provided by the Recreational Use Statutes, La. *776 R.S. 9:2791 and 9:2795. The Dears filed this appeal arguing that the Recreational Use Statues do not apply in this case since the land was being used by a private hunting club and not open to the public. For the following reasons, we affirm the trial court's judgment.
The property in question is owned by Crosby. Crosby leased it to Crown Zellerbach Corporation. Crown assigned the lease to Cavenham Forest Industries, Inc. Cavenham assigned the lease to Hanson when Cavenham became a Hanson owned company. Hanson then granted a hunting and fishing lease to the hunting club, Panther.
Mr. Dear's father was a member of the hunting club. On November 11, 1993, Mr. Dear's father invited him to hunt deer on the property. Mr. Dear wounded a deer. While tracking the deer, he climbed a deer stand. The stand collapsed, and Mr. Dear fell to the ground sustaining serious injuries. The Dears subsequently sued Panther, Hanson, and Crosby, claiming they were negligent in causing his injuries.
Panther's hunting and fishing lease covered 2,044 acres of rural land in Vernon Parish. There were neither residential nor commercial buildings on the land. No public roads traversed it, and it was isolated from any populated area. The land is not used for a commercial recreational enterprise for profit but is used to grow timber for profit.
Crosby and Hanson filed a motion for summary judgment claiming the immunity as provided by the Recreational Use Statutes, La.R.S. 9:2791 and 9:2795. In opposition to the motion for summary judgment, the Dears argued that since Mr. Dear was injured while a guest of the Panther Branch Hunting Club, and this hunting club is a private club which denies entrance to members of the public, the immunity provided by the Recreational Use Statutes does not apply to Crosby and Hanson. This is the same argument the Dears have raised on appeal in alleging that the trial court erred in granting Crosby's and Hanson's motion for summary judgment.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Schroeder v. Board of Sup'rs, 591 So.2d 342 (La.1991).
The plaintiffs conceded in the district court that there were no disputed issues of material fact in the case. What they dispute is a matter of law. Do the statutes immunize the owners and lessors of land, leased to a private hunting club which is less than all of the public, for injuries suffered by a guest of the private hunting club?
Recreational Use Statutes were enacted to induce private owners of large acreages to open expanses of undeveloped lands for public outdoor, open land recreational purposes. Monteville v. Terrebonne Par. Con. Gov't, 567 So.2d 1097 (La.1990). Recreational Use Statutes operate to drastically reduce exposure of a landowner or occupier of suitable tract, properly dedicated to one or more specified recreational purposes, to liability to a person who enters or uses the premises for such recreational purpose, such that the owner owes no duty of care to keep the premises safe or to give warnings of hazards, use, structure, or activity on the premises. Id. However, there is no limitation of liability for willful or malicious failure to guard or warn against a dangerous condition, structure, use, or activity, or for injury when the premises are used as a commercial recreational development or facility or used primarily for commercial recreational enterprise for profit. Id.
The land itself meets the requirements for the applicability of the Recreational Use Statutes. As shown by the summary judgment evidence, the land in question qualifies as a large tract of open, undeveloped land suitable for and dedicated to one of the recreational purposes specified by the Recreational Use Statutes, i.e. hunting and fishing. Keelen v. State, Dept. of Culture, Recreation, 463 So.2d 1287 (La.1985). At the time of Mr. Dear's injury, he was participating in tracking a deer that he had hunted and wounded which is the type of activity normally encountered in the true outdoors. Id.
*777 Crosby and Hanson specifically rely on La.R.S. 9:2791(D) and 9:2795(F) for the proposition that they are not liable even if they lease the land to someone who limits the use of the property to less than all the public. Subsections (D) of § 2791 and (F) of 2795 were added by Acts 1989, No. 534, § 1 following the opinion in Peterson v. Western World Ins. Co., 536 So.2d 639 (La.App. 1 Cir.1988), writ denied 541 So.2d 858 (La. 1989), which had held that the stated purpose of encouraging the release of privately owned land for public recreational use is not accomplished when the lessee is a private club which restricts the use of the land to its members. La.R.S. 9:2791(D), added in 1989, states:
The limitation of liability extended by this Section to the owner, lessee, or occupant of premises shall not be affected by the granting of lease, right of use, or right of occupancy for any recreational purpose which may limit the use of the premises to persons other than the entire public or by the posting of the premises so as to limit the use of the premises to persons other than the entire public.
La.R.S. 9:2795(F), also added in 1989, is identical except that it adds the article "a" before the word "lease."
The trial judge agreed with the movers' interpretation of these newly added subsections and granted the summary judgment. The trial judge in oral reasons for judgment found that the Legislature in 1989 was empowered to say "... we define `the public' as being less than everybody and we conclude that if you lease this property for recreational purposes that does not remove your shield against liability...."
The Dears argue that this analysis of the amendments conflicts with the original purpose of the statute of encouraging owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes. We agree that these amendments are not in accord with the original purpose of the statutes as enunciated in the cases. However, the legislature has seen fit to amend these statutes and provide that there is no liability on the part of a person who leases to someone else for recreational purposes who later limits the use of the land to less than all the public. Obviously, the legislature intended to extend the immunity some more. We must interpret the law as it is written.
The judgment of the trial court is affirmed at plaintiffs' cost.
AFFIRMED.