741 So.2d 1285 (1999)
James A. REED, Jr., Plaintiff-Appellant,
v.
EMPLOYERS MUTUAL CASUALTY COMPANY and James P. (Trey) Gimber, III, Defendants-Appellees.
No. 32,257-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1999.
*1286 Anderson & Broussard by Bennett Boyd Anderson, Jr., Michael S. Harper, Lafayette, Counsel for Plaintiff-Appellant.
Theus, Grisham, Davis & Leigh by Phillip D. Myers, Monroe, Counsel for Defendants-Appellees.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
NORRIS, Chief Judge.
Plaintiff James A. Reed brings this appeal from the grant of a motion for summary judgment in favor of defendants James P. Gimber, III, and Employers Mutual Casualty Company. For the following reasons, we reverse and remand.

FACTS
Reed and Gimber were members of the San Patricio Bayou Hunting Club (Club), an unincorporated association of persons who, for purposes of sport hunting, leased a tract of land in DeSoto Parish owned by International Paper Company. Gimber was the Club treasurer and signed the lease on behalf of the Club.
On October 30, 1994, Reed climbed into a movable tree stand near a game trail on the leased premises. The tree stand had been installed by Gimber. As Reed prepared to fasten his safety belt, the tree stand collapsed beneath him and caused him to fall to the ground. Reed sued Gimber and his insurer, Employer's Mutual, for his personal injuries resulting from Gimber's alleged negligent installation of the tree stand.
The defendants answered, asserting immunity under La. R.S. 9:2791, a Recreational Use Statute. Defendants then moved for summary judgment on the question of their liability under this statute.[1] The trial court granted the motions and dismissed Reed's lawsuit. Reed now appeals.

Law and Analysis
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Ebarb v. Guinn Brothers, Inc., 31,426 (La.App.2d Cir.1/20/99), 728 So.2d 487. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. Art. 966 *1287 C(1); Ebarb v. Guinn Brothers, Inc., supra. The burden of proof remains with the mover. Art. 966 C(2); Ebarb v. Guinn Brothers, Inc., supra. Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of the judgment. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152; Ebarb v. Guinn Brothers, Inc., supra.
A landowner may be held liable for injuries which occurred on his property when in the management of his property he acted unreasonably in view of the probability of injuries to others. La. C.C. art. 2315, 2316; Shipley v. Shipley, 30,283 (La. App.2d Cir.2/25/98), 709 So.2d 901. However, the Recreational Use Statutes provide immunity in that an "owner, lessee, or occupant owes no duty of care to keep such premises safe for entry or use by others for hunting ... or to give warning of any hazardous conditions ... on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe." La. R.S. 9:2791, 9:2795. To qualify for the immunity, the defendant must be an owner, lessee, or occupant; the land upon which the injury occurred must be undeveloped, nonresidential, and rural or semirural land; the injury must have been the result of a recreational activity enumerated in the statute; and the injury-causing instrumentality must be of the type normally encountered in the "true outdoors." Ward v. Hermitage Ins. Co., 28,236 (La. App.2d Cir.4/3/96), 671 So.2d 1229, writ denied 96-1141 (La.9/3/96), 678 So.2d 554. This immunity is also extended to hunting clubs who have leased land for recreational hunting. La. R.S. 9:2791 D. Owners of land used for commercial recreational purposes have similar immunities. Ebarb v. Guinn Brothers, Inc., supra; La. R.S. 9:2795. Under La. R.S. 9:2795 D, this immunity is not extended to fellow hunters. Johnson v. Lloyd's of London, 26,813 (La.App.2d Cir.4/5/95), 653 So.2d 226, writ denied 95-1114 (La.6/23/95), 656 So.2d 1016.
The purpose of the Recreational Use Statutes is "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d 1097 (La. 1990). When a "suitable tract is properly dedicated to one or more of the specified recreational purposes, the landowner or occupier's exposure to liability to a person who enters or uses the premises for such a recreational purpose is drastically limited. In such cases, the owner owes no duty of care to keep the premises safe or to give warnings of hazards, use, structure or activity on the premises." Id. The Recreational Use Statutes are designed "to induce the owners or occupiers of `large acreages of private land' to open them up `for one or more public recreational' purposes, as defined in the acts, `without compensation or other favor in return', by `limiting the liability' of such owners to recreational users to situations in which `injury results from malicious or willful acts of the owner.'" Id.
Immunity statutes are strictly construed against the party claiming the immunity. Id. Statutes are interpreted in light of each other when they are laws on the same subject.[2] La. C.C. art. 13; Johnson v. Lloyd's of London, supra.
An unincorporated association possesses legal personality and has full capacity. Ermert v. Hartford Ins. Co., 559 So.2d 467 (La.1990). The most commonly regulated form of unincorporated association *1288 has been partnerships, and are thus bound by the rules and regulations governing partnerships. Id. A partnership is a juridical person, distinct from its members. La. C.C art. 2801. Among other things, a partnership has its own patrimony and has the right to sue or be sued in its own behalf. La. C.C. art. 2801, comment (e), La. C.C.P. arts. 688, 737. A partner is a mandatory of the partnership. La. C.C. art. 2814.

Analysis
The parties concede that the land on which Reed was injured is undeveloped, non-residential, rural or semi-rural land, and as such is covered by R.S. 9:2791. Additionally, hunting is a recreational activity which is specifically enumerated in the statute. Reed argues that Gimber is not an owner, lessee, or occupant of the land, and in the alternative that a movable deer stand is not an instrumentality normally encountered in the "true outdoors."[3] Gimber concedes that he is not an owner, but argues that as an officer and the signer of the lease, he is a lessee and an occupant.
The trial court found that Gimber, as a hunting club officer and member, is an "occupant" of the property and as such he did not owe Reed a duty of care to keep the leased premises safe for hunting, or to give a warning for the condition of any structure. The trial court held that without a duty of care or to warn, that Gimber is not liable for injuries which Reed incurred.[4]
The term "occupant" is susceptible of different meanings, so we interpret it to have the meaning that best conforms to the purpose of the law. La. C.C. art. 10. Further, we consider the meaning of the term by examining the context in which it occurs and the text of the Recreational Use Statutes as a whole. La. C.C. art. 12. Although the revised statutes themselves do not define the term "occupant," they are ancillaries to the Louisiana Civil Code which does define occupancy. La. C.C. art. 3412 provides that "[o]ccupancy is the taking of possession of a corporeal movable that does not belong to anyone. The occupant acquires ownership the moment he takes possession." This article governs the ownership of corporeal movables.[5] As defined in La. R.S. 9:2791(C), the term "premises" will seldom if ever include corporeal movables; the list provided in the definition generally describes corporeal immovables. Accordingly, the legislature could not have intended for the term "occupant" in the Recreational Use Statute to carry the meaning given in La. C.C. art. 3412. Because the legislature did not intend for the term to carry its technical meaning, the term should be given its generally prevailing meaning. La. C.C. art. 11.
Black's Law Dictionary, Deluxe Sixth Edition, defines occupant as a "[p]erson in possession. Person having possessory rights, who can control what goes on on premises. One who has actual use, possession or control of a thing." We believe that this definition conforms with the generally understood meaning of the *1289 term "occupant." An occupant is a person who, in his own name, has the right to control the premises, i.e., to make land and water areas available to the public for recreational purposes. See Monteville v. Terrebonne Parish Consolidated Government, supra. This interpretation excludes James Gimber as a person who may be considered an "occupant" of the leased premises for purposes of the Recreational Use Statutes. Additionally, although Gimber signed the lease for the property, he did so as a mandatary of the hunting club and not in his own name or in his capacity as an individual. La. C.C. art. 2801, 2814.
In sum, as a member of the hunting club, Gimber has the right to hunt on the land, but he is not a person who has the right "to make land and water areas available to the public for recreational purposes" as contemplated by the statutes. Including a member of a hunting club within the definition of "occupant" would not comport with the purpose of the immunity statutes and would unnecessarily broaden the scope of immunity. Considering the purpose of the Recreational Use Statutes and mindful that the statutes are to be strictly construed, we disagree with the trial court's conclusion that Gimber, merely because he is a hunting club officer and member, is entitled to immunity as an "occupant" of the land. Accordingly, the district court should have denied defendants' motion for summary judgment based upon immunity from the Recreational Use Statutes. We hereby reverse the decision of the district court and remand this matter for further proceedings. Costs of this proceeding are assessed to appellees.
REVERSED AND REMANDED.
NOTES
[1] Employers Mutual also moved for summary judgment on the issue of insurance coverage requesting a ruling that the homeowner's policy excluded coverage for the accident. The trial court had previously denied Reed's motion for summary judgment requesting a ruling that the policy issued by Employers Mutual covered the accident. The trial court did not rule on Employers Mutual's request, having found immunity pursuant to La. R.S. 9:2791. Employers Mutual did not raise this issue on appeal, so at present it is not properly before this court.
[2] In this case, defendants asserted immunity only under La. R.S. 9:2791, the non-commercial provision.
[3] Since we find that Gimber is not an owner, lessee, or occupant of the land, we pretermit the determination whether a movable deer stand is an instrumentality normally encountered in the true outdoors. See Dear v. Crosby Chemicals, Inc., 95-1309 (La.App. 3rd Cir.3/6/96), 670 So.2d 775, writ denied 96-1267 (La.6/21/96), 675 So.2d 1091.
[4] Reed also argued that La. R.S. 9:2791 was not applicable because Gimber did not "open up" the property to Reed since they both had equal rights of access to the land, and as such the purpose of the statute is not furthered by providing Gimber immunity. We pretermit this discussion, finding that the statute is not applicable since Gimber is not an owner, occupant, or lessee of the property. La. R.S. 9:2791.
[5] We are also aware of the definition of "occupant" provided by La. C.C.P. art. 4704; however, this is a procedural definition used for the eviction of tenants and thus is not applicable in this situation.